**Order filed October 6, 2022.**



**In The**

# Fourteenth Court of Appeals

_____

**NO. 14-22-00679-CV**

_____

**HELEN CRAWFORD, Appellant**
**V.**
**AMOS HALFON, Appellee**

---

**On Appeal from County Civil Court at Law No. 2**
**Harris County, Texas**
**Trial Court Cause No. 1188879**

---

_____

**NO. 14-22-00691-CV**

_____

**HELEN CRAWFORD, Appellant**
**V.**
**AMOS HALFON, Appellee**

---

**On Appeal from County Civil Court at Law No. 2**
**Harris County, Texas**
**Trial Court Cause No. 1188879**

---

**ORDER**

On September 21, 2022, appellant filed an emergency motion for extension of time to seek review of the trial court's denial of her affidavit of indigency in trial court cause 1188879. *See* Tex. R. Civ. P. 145(g). An appeal was opened in this court under our appellate number 14-22-00679-CV.

On September 22, 2022, an appeal from an order signed by the trial court on September 19, 2022, also in trial court cause number 1188879, was assigned to the First Court of Appeals. On September 26, 2022, that appeal was transferred to this under our appellate number 14-22-00691-CV.

We order the appeals pending under our appellate case numbers 14-00679-CV and 14-22-00691-CV **CONSOLIDATED.**

Any document meant to be filed in either appeal shall bear both appeal numbers. The records filed in each appeal will be transferred to and duplicated in the other appeal.

Appellant has filed motions in the above appellate case numbers.[1] Because we are consolidating the appeals, all motions are treated as having been filed in both cases and we address each in turn.

*Motions*

Appellant's Emergency Motion for Extension of Time

We deny appellant's motions filed September 21 and 22 requesting an extension of time to file a motion for review in this court pursuant to Rule 145. *See* Tex. R. Civ. P. 145. Rule 145(g) provides a declarant (a person who files a Statement of Inability to Afford Payment of Court Costs) may challenge an order issued by the trial court to pay costs in the appellate court. Tex. R. Civ. P. 145(b), (g)(1). Further,

---

[1] Helen Crawford is appearing pro se and therefore cannot appear on behalf of another person. Accordingly, Helen Crawford is the only movant before this court.

Rule 145(g)(2) requires the motion to be filed within 10 days after the trial court's order is signed. Tex. R. Civ. P. 145 (g)(2). This court may extend the deadline for 15 days if the declarant demonstrates good cause in writing. *Id.* On September 22, 2022, this court ordered the trial court clerk to file a record of all trial court proceedings on the declarant's claim of indigence. Tex. R. Civ. P. 145 (g)(3). A clerk's record was filed October 4, 2022.

The record reflects on July 5, 2022, the Justice Court, Precinct 1, Place 1, entered a default judgment for appellee for possession of the property. Appellant filed a Statement of Inability to Afford Payment of Court Costs on July 26, 2022, perfecting an appeal. *See* Tex. R. Civ. P. 506.1(h). The record does not reflect a contest was filed. *See* Tex. R. Civ. P. 506.1(d)(2). Appellant filed an amended statement on September 15, 2022, along with a jury demand. The record does not reflect a motion to require payment of costs was filed or the procedural requirements before a declarant is ordered to pay costs were satisfied. Tex. R. Civ. P. 145(e), (f). The record does not reflect appellant has been ordered to pay costs pursuant to Rule 145.

However, no order issued by the trial court requiring appellant to pay court costs was attached to the motion and the record before this court does not contain such an order. Appellant claims her affidavit of indigency was denied and she was denied access to court records. Appellant further asserts her affidavit was declined as payment for a jury fee. The record reflects appellant' jury trial demand was denied as untimely. Because the record before this court contains no order requiring appellant to pay costs, appellant's motion presents nothing for our review. Accordingly, the motion is denied.

Appellant's Verified Emergency Motion to Supplement the Appellate Record

We dismiss as moot appellant's motions filed September 29 requesting supplementation of the appellate record with the reporter's record of the hearing held September 26, 2022, in the trial court. The reporter's record of that hearing was filed October 4, 2022. Appellant also requests this court to order the court reporter to provide appellant with a free copy of the reporter's records. Any request for those records to be provided to appellant should be directed to the clerk of this court rather than the court reporter.

Appellee's Motion to Dismiss for Lack of Jurisdiction

We deny appellee's motion filed September 25, 2022, to dismiss the appeal for lack of jurisdiction. The motion asserts the orders being appealed are interlocutory. The record before this court reflects a final judgment was signed by the trial court on September 28, 2022.

Appellant's Verified Plea for Emergency Temporary Relief and To Stay Underlying Action and Show Cause Order

We grant in part and deny in part appellant's motion filed October 4, 2022. Appellant's motion requests a stay of (1) the trial court's judgment; (2) a show cause order; (3) contempt proceedings; and (4) all trial court proceedings. Appellant further request a free copy of the reporter's records. For the reasons set forth below, we grant appellant's motion to stay enforcement of the trial court's supersedeas order and final judgment. All other relief requested in the motion filed October 4, 2022, is denied.

Appellant filed a Statement of Inability to Afford Payment of Court Costs in the trial court. "A party who files a Statement of Inability to Afford Payment of Court Costs cannot be required to pay costs except by order of the court as provided by this rule." *See* Tex. R. Civ. P. 145(a). Appellant has not been ordered to pay costs

4

pursuant to Rule 145. Accordingly, appellant is entitled to have the Harris County District and the court reporter file the record(s) without payment of costs and that has occurred. Any request for those records to be provided to appellant should be directed to the clerk of this court rather than the court reporter.

The record before this court does not contain a show cause order. According to appellant's motion, the order is for Britney Crawford. The motion further alleges the trial court *sua sponte* initiated contempt proceedings during the September 26, 2022 hearing. The record of that hearing has been filed and reflects the trial court's statement was directed to Britney Crawford. Because appellant is appearing pro se, she cannot file a motion on behalf of Britney Crawford. Accordingly, appellant's motion to stay a show cause order and any contempt proceedings is denied.

A final judgment has been entered. Appellant's motion does not demonstrate a need to stay "all trial court proceedings" considering the final judgment.

The record reflects the county court at law signed a final judgment on September 28, 2022. The judgment orders the residents to deliver possession and vacate the property within 10 days, which is October 8, 2022. The judgment sets supersedeas bond at $8,000, with a bond of $1,000 per month after 10 months to maintain the bond. In her motion, appellant challenges the amount of the supersedeas. *See* Tex. R. App. P. 24.4. Appellant is entitled to appellate review of the bond. *Id.* While we conduct that review, we may stay the issuance of the writ of possession. *See Johnson v. Villatoro*, No. 14-18-00150-CV, 2018 WL 3848070, at *1 (Tex. App.—Houston [14th Dist.] Aug. 14, 2018, no pet.) (mem. op.).

It appears from the facts stated in the emergency motion that appellant's rights will be prejudiced unless immediate temporary relief is granted. Accordingly, we grant appellant's motion in part and issue the following order.

5

We ORDER enforcement of the trial court's supersedeas order and final judgment is stayed in trial court cause number 1188879, styled *Amos Halfon v. Helen Crawford and All Residents*. Enforcement of the order and judgment is stayed until further order of this court. Appellee is requested to file a response to appellant's motion on or before **October 21, 2022**.

PER CURIAM

Panel consists of Justices Wise, Bourliot and Zimmerer.